

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 1:05-CR-49(1)** |
| | § | |
| **TYRRELL CECIL PETE** | § | |

### FINDINGS OF FACT
### AND ORDER OF DETENTION

Pursuant to referral by the District Court under 28 U.S.C. § 636, on April 14, 2005, this matter came before the undersigned for hearing and determination of Defendant's *Request for Detention Hearing* [Clerk's doc. #22]. The undersigned United States Magistrate conducted a hearing in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), to determine whether any condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure the appearance of Defendant as required by the Court and the safety of the community. The Court has taken into account the available information concerning the factors to be considered under 18 U.S.C. § 3142(g) and concludes that Defendant should be detained.

**A.  Charges Pending**

Defendant Tyrrell Pete is charged in a three count Indictment returned by a federal grand jury in the Eastern District of Texas [Clerk's doc. #19].  Count One charges that on or about March 15, 2005, in the Eastern District of Texas, Tyrrell Cecil Pete, the Defendant, did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, namely a cocaine mixture or substance containing a detectable amount of cocaine base ("crack" cocaine), in an amount of 50 grams of more, in violation of Title 21, United States Code, Section 841(a)(1).

Count Two charges that on or about March 15, 2005, in the Eastern District of Texas, Tyrrell Cecil Pete, the Defendant, did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, namely, a mixture or substance containing a detectable amount of cocaine in an amount of less than 500 grams, in violation of Title 21, United States Code, Section 841(a)(1).

Count Three charges that on or about March 15, 2005, in the Eastern District of Texas, Tyrrell Cecil Pete, Defendant herein, did knowingly possess a firearm, namely, a Springfield, .45 caliber handgun, bearing serial number N354982, in furtherance of a drug trafficking crime for which said Defendant may be prosecuted in a court of the United States, namely, possession with to distribute a Schedule II controlled substance, namely, a cocaine mixture or substance containing a detectable amount of cocaine base ("crack" cocaine) in an amount of 50 grams or more, in violation of  Title 21, United States Code, Section 841(a)(1), and possession with intent to distribute a Schedule II controlled substance, namely, a mixture or substance containing a detectable amount of cocaine in an amount of less than 500 grams, in violation of Title 21, United States

Code, Section 841(a)(1), all in violation of Title 18, United States Code, Section 924(c)(1).

If convicted, Mr. Pete faces a minimum of ten years but no more that life imprisonment on Count One, not more than twenty years imprisonment on Count Two, as prescribed by the Controlled Substances Act, and not less than five years imprisonment, to run consecutive, on Count Three of the Indictment.  *See Notice of Penalty*.

### B.   Factors to Be Considered Under 18 U.S.C. § 3142(g) and the Detention Hearing

Title 18, United States Code, Section 3142(g) sets forth the factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant as required and will also assure the safety of any other person and the community.  Thus, for the Court to release Defendant from custody pending trial, conditions of release must be established which both assure Defendant's appearance AND the safety of the community.  The Section 3142(g) factors to be considered include (1) the nature and circumstances of the offense charged, (2) the evidence presented and the weight of evidence against the person, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Under the Bail Reform Act, the Court may only enter an order of detention following a hearing.  The Government's right to a detention hearing exists in certain specifically enumerated circumstances, including when (1) the case involves a crime of violence, (2) the case involves an offense punishable by life imprisonment or death, (3)

the crime charged is a drug related offense with a maximum term of imprisonment of ten years or more, (4) the defendant is charged with a felony after having been convicted of two or more prior qualifying offenses, (5) the case involves serious risk of flight, or (6) the case involves a serious risk of obstruction or attempted obstruction of justice or intimidation or a prospective witness or juror.  18 U.S.C. § 3142(f).

As stated *supra*, Defendant is charged with an offense for which a maximum term of imprisonment of ten years to life is prescribed by the Controlled Substances Act. *See Notice of Penalty*.  Because Defendant has been charged by indictment with violating Title 21, United States Code, Section 841(a)(1), under 18 U.S.C. § 3142(e) a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of the community.

The presumption shifts to Defendant only as to the burden of producing rebutting evidence, not the burden of persuasion.  However, the presumption is not a mere "bursting bubble" that totally disappears from consideration after Defendant comes forward with evidence.  *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989).  Congress intended that the presumption remain in the case as a factor to be considered by the Court.  *Id.*  Thus, the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the Court may still consider the finding by Congress that certain offenders pose a special risk of flight and dangerousness to society.

However, the Court cannot rely solely upon the nature of the charges and the rebuttable presumption.  *See United States v. Jackson,* 845 F.2d 1262, 1266 (5th Cir. 1988).  The Court shall take into account the available information as to the weight of

the evidence and consider the other listed factors under 18 U.S.C. § 3142(g). *Id.* The statute thus creates an unusual set of weights and measures in which the burden of persuasion is on the government, not the defendant, but the presumption may be weighed in the evidentiary balance. *Id.* at 799.

### C.  Statement of Reasons for Detention

At the hearing, the Court offered the information contained within the Pretrial Services Report prepared by the United States Probation Office into the record. The defendant also presented the sworn testimony of Mr. Joseph Ryan, his father-in-law.  In support of its request that the Court continue to detain Mr. Pete, and relying on the presumption established by Section 3142, the Government presented the testimony of Pat Barton, a Special Agent with the Drug Enforcement Administration (DEA).  For the sake of brevity, the Court fully incorporates the testimony of the witnesses and the evidence presented in support of its findings made herein.  Said evidence is set out in the record of the detention hearing and the Pretrial Services Report.

Defendant's criminal record is relevant for consideration as to his history and characteristics.  *See* 18 U.S.C. § 3142(g)(3)(A).  The Court will refer to the evidence submitted relating to Mr. Pete's criminal history, which includes a prior conviction for possession of a controlled substance.  Mr. Pete received a sentence of probation for that conviction.  That probation was discharged ten years later, in 2003.  In 1999, Mr. Pete was again convicted of a drug crime, after pleading guilty to the misdemeanor offense of possession of marijuana in a justice of the peace court.  According to the allegations made the basis of the charged crimes, Defendant allegedly possessed an amount of cocaine in excess of that typical for personal use, thus indicating distribution.  This

conduct constitutes a potential danger in itself. The fact that there may could be a continuation of this distribution constitutes a danger to others. A non-physical danger as well as a physical danger can constitute a danger to the community that may justify pre-trial detention. *See United States v. Fortna*, 769 F.2d 243, 248 (5th Cir. 1985). This danger includes the distribution of controlled substances. *Id.* The Court therefore finds that members of the community, including potential witnesses and recipients of the narcotics, would face both physical and non-physical danger if Defendant were released pending trial.

Additionally, at the hearing, it was Defendant's burden to persuade the Court that conditions existed under which he could be released. The Court appreciates Mr. Ryan appearing and testifying on behalf of his son-in-law. The Court further finds that Mr. Ryan makes a credible and reliable witness. However, his testimony alone does not persuade the Court that Mr. Pete has rebutted the presumption that he would present a danger to the community if released.

The facts presented therefore convince the Court that Defendant has not sufficiently rebutted the presumption that a danger to the community exists. The Court finds by clear and convincing evidence that no condition or combination of conditions exist which would reasonably assure the safety of the community if Mr. Pete were to be released. As stated *supra*, the law indicates that possessing illegal narcotics and drug activity equates a danger to the community. Based upon the evidence presented and Mr. Pete's criminal history, the Court finds that conditions do not exist under which Mr. Pete could be released which would assure that he would not be a danger to the community.

Having concluded that no conditions of release exist assuring the safety of the community, the Court does not need to assess the risk of Defendant's nonappearance. At the hearing, the Court did find, from the bench, that Mr. Pete does not present a flight risk.

**D.  Order and Directions Regarding Detention**

The Court accordingly finds that Defendant shall remain detained pursuant to 18 U.S.C. § 3142.  The Court **ORDERS** that Defendant's *Request for a Detention Hearing* [Clerk's doc. #22] is **DENIED** as **MOOT** because the Court already held the detention hearing.

For the reasons stated herein, the Court finds that no condition or combination of conditions exist which would reasonably assure the safety of the community**.**  Mr. Pete shall therefore be **DETAINED** and held in federal custody pending trial.  The United States Marshals service is ordered to deliver Defendant for all appearances in connection with the court proceedings in this criminal action.  In accordance with the Bail Reform Act, the undersigned further holds that Defendant should be afforded reasonable opportunity for private consultation with his counsel.

It is so ordered.

**SIGNED this the 21st day of April, 2005.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE