

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:05-CR-49 |
| | § | |
| TYRRELL CECIL PETE | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Tyrrell Cecil Pete, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of Defendant's supervised release

The Court conducted a hearing on December 9, 2010, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by

counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

 a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

 b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On November 8, 2005, The Honorable Marcia A. Crone, United States District Judge for the Eastern District of Texas, sentenced Mr. Pete after he pled guilty to the offense of Possession With Intent to Distribute Cocaine Base, a Class A felony. Judge Crone sentenced Mr. Pete to 87 months imprisonment to be followed by five years of supervised

subject to the standard conditions of release, plus special conditions to include pay any financial penalty; financial disclosure; no new credit; drug aftercare; and support dependents. However, in an amended judgment issued on May 9, 2008, Judge Crone amended Mr. Pete's offense level by reducing it to 25, and his sentence was reduced to 57 months imprisonment, with all previously ordered conditions of supervision remaining in effect. On June 25, 2009, Tyrrell Cecil Pete completed his period of imprisonment and began service of the supervision term.

On April 19, 2010, the Court modified Tyrrell Cecil Pete's conditions of supervised release to include 120 days community confinement in a residential reentry center or similar facility.

**B. Allegations in Petition**

The United States alleges that Defendant violated the following special condition of supervised release:

*The defendant shall participate in a program of testing and treatment of drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is release from the program by the probation officer.*

Specifically, Tyrrell Cecil Pete failed to submit urine specimens on January 9, 21, 25, and 30; February 10 and 20; and October 13, 2010. Additionally Tyrrell Cecil Pete failed to fully cooperate in substance abuse treatment. He missed his substance abuse treatment group meetings on October 7, 14, 21, 28, 2010. Additionally, he missed his substance abuse

treatment individual meeting on October 7, 2010.

### C. Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would present documentation and testimony establishing that on January 9, 21, 25 and 30; February 10 and 20; and October 13, 2010; Mr. Pete failed to cooperate in substance abuse treatment. The Government would also offer testimony establishing that he missed his substance abuse treatment group meetings on October 7, 14, 21, and 28, 2010 and that he missed his individual meeting on October 7, 2010.

Defendant, Tyrrell Cecil Pete, offered a plea of true to the allegations. Specifically, Mr. Pete agreed with the evidence presented and pled true to the allegations that he failed to submit urine specimens and failed to attend substance abuse meetings as alleged above, all in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by failing to cooperate and participate in a program of testing and treatment for drug abuse.

If the Court finds that Mr. Pete violated his supervision conditions in the manner

stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon Pete's criminal history category of I and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from three (3) to ten (10) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class A felony, the statutory maximum imprisonment term upon revocation is five years, less any time the Defendant has already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

Here, the evidence and Defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that Defendant committed a Grade C violation of his supervision conditions by failing to participate in a program of testing and treatment for drug abuse. Mr. Pete knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Tyrrell Cecil Pete, to serve a term of **nine (9) months imprisonment**. This nine month sentence would include 50 days of unserved community confinement time that Mr. Pete was ordered to serve as part of his supervision conditions. The undersigned recommends that Mr. Pete be placed in the FCC --Beaumont, within the Bureau of Prisons, to serve his sentence. The Court finally recommends that the defendant receive no further supervision term upon his release.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a

district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 9th day of December, 2010.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE